UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

| | |
|---|---|
| C. JOSEF ROSEN,<br><br>                  Petitioner,<br><br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI HOUSTON MARKET SUPPORT CENTER, L.P., SCI FUNERAL SERVICES OF FLORIDA, INC., AMERICAN BURIAL & CREMATION CENTER OF JENNINGS FUNERAL HOME, JANE D. JONES, GWEN PETTEWAY, THOMAS RYAN, CURTIS BRIGGS,<br><br>                  Respondents. | Case No. 011-cv-62547-RNS |

## **RESPONDENTS' MOTION TO STRIKE DECLARATION OF C. JOSEF ROSEN**

      Respondents, Service Corporation International, SCI Funeral and Cemetery Purchasing Cooperative, Inc., SCI Houston Market Support Center, L.P., SCI Funeral Services of Florida, Inc. ("SCI"), American Burial & Cremation Center of Jennings Funeral Home, Jane D. Jones, Gwen Petteway, Thomas Ryan, and Curtis Briggs (collectively referred to as "Respondents"), by and through their undersigned counsel, hereby move this Court to enter an Order striking the affidavit of Petitioner, C. Josef Rosen ("Petitioner") which was submitted as an exhibit to Petitioner's Reply in Support of Petition to Compel Arbitration and Request for Oral Argument on Same and in support thereof state as follows:

      1.     Respondents filed a Notice of Removal on December 7, 2011 which removed Petitioner's Motion to Compel Arbitration to this Court.

1

2. On that same day, Respondents also filed their Answer and Response in Opposition to Petition to Compel Arbitration and Memorandum of Law in Support Thereof on December 7, 2011. [D.E. # 6].

3. On December 14, 2011, Petitioner filed a reply in support of his Petition to Compel Arbitration and Request for Oral Argument on Same which incorporated the Declaration of C. Josef Rosen in Support of Petition to Compel Arbitration. [D.E. # 8].

4. Respondents submit that Petitioner's declaration should be stricken from the record in this matter because it is not based on personal knowledge, but rather speculation; contains conclusory statements rather than statements of fact; and, contains hearsay.

5. More specifically, Petitioner's declaration repeatedly asserts his "understanding" of alleged facts which are nothing more than conclusory statements unsupported by actual evidence or personal knowledge:

- 5. Despite respondents' inability to locate this document, *it is my understanding* that I did, in fact, enter into an arbitration agreement with SCI.
- 7. *My understanding is* that one of the documents I was required to sign as a condition of my employment with SCI was an arbitration agreement.
- 8. *It was my understanding* that all employees were required to sign the same standard paperwork, including arbitration agreement, as a condition of employment with SCI.

6. Petitioner's "understanding" of alleged facts are conclusory, speculative, insufficient to establish personal knowledge or to support the veracity of the statements set forth in the declaration and therefore this Court should strike the declaration as wholly insufficient and improper.

7. Petitioner's "understanding" concerning all other SCI employees and an alleged requirement that all of those employees were required to sign the same paperwork is unsupported hearsay which is wholly inadmissible and should not be considered by this Court.

8. At no point in Petitioner's declaration does he affirmatively or conclusively assert, based on his own personal knowledge, that he ever signed or otherwise entered into an arbitration agreement with SCI.

9. Because Petitioner's declaration is not based on personal knowledge, but instead on speculation and otherwise self-serving conclusory statements, his declaration is procedurally defective as a matter of law and should be stricken from the record in this matter.

## MEMORANDUM OF LAW

Respondents request that this Court grant their Motion to Strike Petitioner's Declaration because the Declaration is not based on Petitioner's personal knowledge and only demonstrates his beliefs and understandings, as opposed to factual assertions. *See Saulsberry v. Weyerhaeuser Company*, 2002 WL 31827955 (S.D. Ala. 2002) (granting motion to strike plaintiff's affidavit to the extent any information in the affidavit of which plaintiff did not have personal knowledge is only admissible for the purpose of demonstrating his beliefs and understandings, not to assert the truth of the matter). It is well-established that a federal court may strike an affidavit or declaration based on apparent lack of personal knowledge, inclusion of conclusory statements and inclusion of statements of opinion or speculation. *See Homebingo Network, Inc. v. Chayevsky*, 428 F.Supp.2d 1232 (S.D. Ala. 2006) *citing CMS Industries, Inc. v. L.P.S. Int'l, Ltd.*, 643 F.2d 289, 295 (5th Cir. 1981) ("the district court may, on its own motion and without abuse of discretion, properly refuse to credit an affidavit clearly defective on its face"). An affidavit may only be considered to the extent that it is based on personal knowledge. *Id. citing* Rule 602, Fed.R.Evid. (i.e., witnesses may not testify to matters as to which they lack personal knowledge).

While Petitioner's declaration professes to be based on personal knowledge, the content therein clearly reveals that Petitioner has no actual knowledge of entering into an arbitration

3

agreement with SCI. Specifically, Petitioner asserts that it is his "understanding" that he did enter into an arbitration agreement; however, this "understanding" is not the equivalent of and express affirmation that he did, in fact, enter into the alleged arbitration agreement and therefore amounts to nothing more than speculation. In similar situations, federal courts have stricken portions of affidavits which use qualifying phrases such as "it is my understanding that" and "to the best of my knowledge." *See Rolison v. Sterling*, 2009 WL 2514294 (S.D. Ala. 2009) (holding that passages in plaintiffs affidavit that use qualifying phrases such as "it is my understanding that" and "to the best of my knowledge" should be stricken). An affidavit, or portions thereof, may be stricken when it runs afoul of the requirements that; it be "made on personal knowledge;" it "set out facts that would be admissible in evidence;" and that the affidavit "show[s] that the affiant is competent to testify on the matters stated." *Id. citing* Fed.R.Civ.P. 56(e)(1). Statements of speculation or personal belief are generally not proper and are not considered. *Id. citing Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) ("an affidavit stating only that the affiant 'believes' a certain fact exists is insufficient"); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("For factual issues to be considered genuine, they must have a real basis in the record").

This Court, along with the Eleventh Circuit Court of Appeals and other federal courts in Florida have repeatedly held that similar speculative, conclusory and unsupported statements in affidavits should be stricken from the record. *See Biggro.com, Inc. v. Sales 360, LLC*, 2006 WL 539526 (M.D. Fla. 2006) (Court granted defendant's motion to strike portions of plaintiff's affidavit where it was not based on affiant's personal knowledge but instead was based on speculation. The affiant provided no evidence other than pure estimation as to the truth of his statement)

Not only are Petitioner's statements in his declaration not based on personal knowledge or facts, but they are clearly conclusory and self serving statements designed solely to overcome a clear shortcoming in Petitioner's case-in-chief. "Another black-letter requirement of affidavits is that they must be rooted in facts, rather than conclusory remarks." *Id. citing Burger King Corp. v. Lumbermens Mut. Cas. Co.,* 410 F.Supp.2d 1249, 1255 (S.D. Fla. 2005) ("An affidavit has no probative value and must be stricken when it contains conclusions rather than statements of fact."); *Pashoian v. GTE Directories,* 208 F.Supp.2d 1293, 1297 (M.D. Fla. 2002) ("an affidavit must be stricken when it is a conclusory argument, rather than a statement of fact"). *Woods v. Paradis*, 380 F.Supp.2d 1316 (S.D. Fla. 2005) (An affidavit has no probative value and must be stricken when it contains conclusions rather than statements of fact); *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1218 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value"); *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135, 139 (5th Cir. 1973); *Johnson v. Scotty's, Inc.,* 119 F.Supp.2d 1276, 1281 (M.D. Fla. 2000) ("[a]n affidavit must be stricken if it is a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge").

Again, because Petitioner's Declaration here does not proffer any evidence other than speculative and conclusory estimations, Respondents are of the position that it must be stricken from the record. Petitioner's conclusory statements that, based on his "understanding," he signed an arbitration agreement and all employees were required to sign the same arbitration agreement as a condition of employment with SCI are not rooted in any established facts. As such, this Court should strike all unfounded and conclusory statements form the Petitioner's self serving Declaration as a matter of law.

## **CONCLUSION**

The Petitioner's declaration should be stricken from the record because it is not based on the Petitioner's personal knowledge, contains conclusory arguments rather than statements of fact, sets forth clear hearsay and otherwise has no probative value. Accordingly, Respondents believe that this Court should not rely on such prejudicial, unfounded and unsupported assertions while considering Respondents' Answer and Response in Opposition to Petitioner to Compel Arbitration and Memorandum of Law in Support Thereof.

WHEREFORE, Respondents respectfully request this Honorable court enter an Order striking Petitioner's declaration from the record in this matter and any further relief this Court deems just and proper.

I hereby certify that that counsel for the Respondents has conferred with counsel for the Petitioner in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: December 30, 2011

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

By: /s/ Noel F. Johnson
Noel F. Johnson
Florida Bar No. 14407
2601 South Bayshore Drive, Ste. 1500
Miami, FL  33133
(305) 455-9108
Fax (305) 455-9501
njohnson@wwhgd.com
Attorney for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2011, the foregoing document will be served this day on all counsel of record or pro se parties identified on the Service List set forth below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Noel F. Johnson
NOEL F. JOHNSON

**SERVICE LIST**

Sarah Cressman
Laura Meyers
Annette Gifford
Thomas & Solomon LLP
693 East Avenue
Rochester, NY  14607
VIA ECF FILING


Wendy J. Stein
Keller Landsberg PA
Broward Financial Centre
500 E. Broward Blvd., Ste. 1400
Ft. Lauderdale, FL  33394
VIA ECF FILING