**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 11-62547-CIV-SCOLA/ROSENBAUM

C. JOSEF ROSEN,

       Petitioner,

v.

SERVICE CORPORATION
INTERNATIONAL, et al.,

       Respondents.

_____/

**ORDER ON RESPONDENTS' MOTION TO STRIKE DECLARATION**

       This matter is before the Court on Respondents' Motion to Strike Declaration of C. Josef

Rosen [D.E. 17], referred to me by the Honorable Robert N. Scola, Jr. [D.E. 19].  The Court has

reviewed Respondents' Motion, the filings supporting and opposing the Motion, and the other

materials in the case file.  For the reasons discussed below, Respondents' Motion to Strike is granted

in part and denied in part.

**I.**      **Background**

       On October 28, 2011, Petitioner C. Josef Rosen filed a Petition to Compel Arbitration

("Petition") in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

*See* D.E. 1-1.  In the Petition, Rosen, formerly employed by Respondents as a funeral director, seeks

to compel Respondents to arbitrate Rosen's claims for unpaid overtime wages. *See id.* at 4-5.  Rosen

alleges that when he began working for Respondents in September 2007, he executed a written

agreement requiring (with certain inapplicable exceptions) that the parties arbitrate any disputes

arising from Rosen's employment. *See id.*  Although Rosen contends that his signed arbitration

agreement is in the custody of his former direct employer, *see id.* at 5 n.1, he has attached to his Petition an arbitration agreement signed by another employee of that company. *See id.* at 12-14. Rosen claims that this agreement is "substantially similar to the Agreement Rosen and Respondents entered into," *id.* at 4, and that it demonstrates that Rosen's employer "routinely required its employees to sign Arbitration Agreements . . . as a condition of employment."[1] *Id.* at 5 & n.1. Moreover, Rosen asserts that he has served a demand for arbitration on Respondents but that they have not responded to that demand. *See id.* Rosen therefore requests an order compelling arbitration, in accordance with the parties' alleged agreement and as required by the Federal Arbitration Act. *See id.* at 6-7; 9 U.S.C. §§ 2, 4.

Respondents removed Rosen's action to this Court on the ground that the claims Rosen seeks to arbitrate are based on the federal Fair Labor Standards Act, 29 U.S.C. §§ 201–219. *See* D.E. 1 at 3. Respondents then filed an Answer and Response opposing Rosen's Petition. *See* D.E. 6. In that filing, Respondents deny that Rosen ever executed a written arbitration agreement in connection with his employment. *See id.* at 2-4. Attached to Respondents' filing is a declaration from a company paralegal stating that Rosen's employment file does not contain the alleged arbitration agreement. *See* D.E. 6-1.[2]

On December 14, 2011, Rosen filed a Reply in support of his Petition. *See* D.E. 8. To further support his claim that he executed a written arbitration agreement with Respondents, Rosen attached a declaration of his own. *See id.* at 11-13. In the first paragraph, Rosen states that he has

---

[1]Rosen's Petition also attaches other materials that, according to Rosen, show that his alleged arbitration agreement exists and is enforceable against Respondents.

[2]Respondents further contend that (1) even if Rosen had executed a written arbitration agreement, the Respondents who did not sign that agreement could not be bound by it; and (2) Rosen has released, in exchange for a cash payment, all claims arising from his employment, including claims for unpaid wages.

"personal knowledge of the facts set forth in this Declaration" and that he is "competent to testify as to the matters set forth herein." *Id.* at 11, ¶ 1.  Further, Rosen makes several assertions concerning the existence of a written arbitration agreement between Rosen and his direct employer:

> 5.　　Despite respondents' inability to locate this document, it is my understanding that I did, in fact, enter into an arbitration agreement with SCI.
>
> 6.　　At or near the beginning of my employment with SCI, I received a large amount of paperwork regarding my employment with SCI, and I was required to sign certain paperwork as a condition of my employment.
>
> 7.　　My understanding is that one of the documents I was required to sign as a condition of my employment with SCI was an arbitration agreement.
>
> 8.　　It was my understanding that all employees were required to sign the same standard paperwork, including the arbitration agreement, as a condition of employment with SCI.

*Id.* at 12, ¶¶ 5-8.[3]

Respondents now move to strike Rosen's declaration, arguing that "it is not based on personal knowledge, but rather speculation; contains conclusory statements rather than statements of fact; and, contains hearsay."  D.E. 17 at 2, ¶ 4.  In particular, Respondents point out that Rosen "repeatedly asserts his 'understanding' of alleged facts which are nothing more than conclusory statements unsupported by actual evidence or personal knowledge." *Id.*, ¶ 5.  For these reasons, Respondents maintain that Rosen's declaration "is procedurally defective as a matter of law and should be stricken from the record in this matter." *Id.*, ¶ 9.

## II.　Discussion

To analyze properly Respondents' Motion to Strike, it is first necessary to understand the context in which the Motion arises.  Generally, under the Federal Arbitration Act, "a district court

---

[3]Rosen notes in his Reply that a written arbitration agreement need not be signed in order to be enforceable under the Federal Arbitration Act. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368-70 (11th Cir. 2005).  Nevertheless, Rosen claims that the agreement he entered into with Respondents was, in fact, signed by the parties.

must compel arbitration if the parties have agreed to arbitrate their dispute." *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 853-54 (11th Cir. 1992) (citing 9 U.S.C. §§ 2, 3).  However, "parties cannot be forced to submit to arbitration if they have not agreed to do so."  *Id.* at 854.  Therefore, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

> The Federal Arbitration Act outlines the procedures for addressing this question:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . .   If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. . . .

9 U.S.C. § 4.  Thus, to obtain a trial before the district court on whether the parties agreed to arbitrate, the party seeking to avoid arbitration must show that the existence of a binding arbitration agreement is "in issue."  *See Chastain*, 957 F.2d at 854-55.  To make this showing, the party opposing arbitration "must unequivocally deny that an agreement to arbitrate was reached and must offer 'some evidence' to substantiate the denial." *Wheat, First Secs., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993) (quoting *Chastain*, 957 F.2d at 854).  That evidence must be "enough . . . to make the denial colorable." *Chastain*, 957 F.2d at 855.

In deciding whether there is sufficient evidence to require a trial on the existence of an arbitration agreement, the court should apply the standard for summary judgment.  *See Magnolia Capital Advisors Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) (per curiam).  Accordingly, "only when there is no genuine issue of fact concerning the formation of the [arbitration] agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." *Id.* at 785-86 (alteration & internal quotation marks omitted).  And as with

other summary-judgment proceedings, "a district court considering the making of an agreement to arbitrate should give to the party denying the agreement the benefit of all reasonable doubts and inferences that may arise." *Id.* at 786 (alteration & internal quotation marks omitted).

Here, Rosen's declaration purports to offer evidence that the parties did, in fact, agree to arbitrate Rosen's employment-related claims. If the Court were to consider that declaration, then, it would do so in determining whether Respondents have established a genuine factual dispute about the existence of an arbitration agreement. *See Magnolia Capital Advisors*, 272 F. App'x at 786 ("Although [the party seeking arbitration] filed a reply brief, none of the evidence accompanying that brief resolves the genuine issue of material fact raised by [the opponent's] response."); *Garcia v. Mason Contract Prods., LLC*, No. 08-23103-Civ, 2009 WL 1851131, at *2-*4 (S.D. Fla. June 29, 2009) (reviewing parties' competing evidence, including affidavits, and concluding that "Plaintiff has met his threshold burden to raise a genuine issue that there was no valid agreement to arbitrate").

Respondents ask this Court to strike Rosen's declaration from the record, mainly on the ground that his statements about executing an arbitration agreement are not based on personal knowledge. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). As discussed further below, the Court agrees with Respondents that those statements lack evidentiary value. But the remedy for this defect is not to strike Rosen's declaration from the record. As Judge Scola recently explained in another Order in this case, a motion to strike is a "drastic remedy disfavored by the courts" and "should only be granted when it is required for the purposes of justice." D.E. 26 at 1 (Order Denying Motion to Strike) (internal quotation marks omitted). Moreover, "Federal Rule of Civil Procedure 12(f) only permits the Court to strike material in 'a pleading.'" *Id.* Because Rosen's declaration is not a pleading, the Court denies Respondents' request to strike it from the

record. *See Riviera S. Apartments, Inc. v. QBE Ins. Corp.*, No. 07-60934-CIV, 2007 WL 2506682, at \*1 (S.D. Fla. Aug. 30, 2007) (denying motion to strike exhibit attached to dispositive-motion response because it was "not a 'matter' included in any pleading" (quoting Fed. R. Civ. P. 12(f))).[4]

Nevertheless, while the ultimate relief sought in Respondents' Motion is to strike Rosen's declaration from the record, Respondents' core argument is that the Court should not consider the declaration because it is not competent evidence. *See* D.E. 17 at 6 (arguing that Rosen's declaration "is not based on the Petitioner's personal knowledge, contains conclusory arguments rather than statements of fact, sets forth clear hearsay and otherwise has no probative value," and that "this Court should not rely on such prejudicial, unfounded and unsupported assertions"); D.E. 24 at 7 (similar). The Court therefore construes Respondents' Motion alternatively as a motion to exclude Rosen's declaration from consideration in deciding whether the evidence creates a genuine factual dispute about the existence of an arbitration agreement. *Cf. Poole v. Gee*, No. 8:07-CV-912-EAJ, 2008 WL 3367548, at \*2 n.2 (M.D. Fla. Aug. 8, 2008) (construing motion to strike summary-judgment exhibits as evidentiary objections to exhibits).

---

[4]The Eleventh Circuit's predecessor court has held that a party may move to strike an affidavit or declaration concerning a motion for summary judgment when the affidavit or declaration does not meet the specific evidentiary standards of Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a [summary-judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.") (formerly Fed. R. Civ. P. 56(e)(1)). *See Auto Drive-Away Co. of Hialeah v. ICC*, 360 F.2d 446, 448-49 (5th Cir. 1966) ("An affidavit that does not measure up to the standards of Rule 56(e) is subject to a timely motion to strike." (footnote omitted)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting opinions of the Fifth Circuit issued prior to October 1, 1981, as binding precedent in the Eleventh Circuit). That holding, however, does not does require the Court to strike Rosen's declaration here. Although the determination of whether a trial is warranted on the existence of arbitration agreement is akin to a summary-judgment proceeding, it does not actually involve a motion for summary judgment, to which Rule 56(c)(4) specifically applies.

Though Rosen claims to have "personal knowledge of the facts set forth in [his] Declaration," D.E. 8 at 11, ¶ 1, the substance of the declaration refutes that claim.  Rosen declares that it is his "understanding" that (1) he executed an arbitration agreement with his employer, (2) he was required to sign the agreement as a condition of his employment, and (3) all employees were required to sign such agreements.  *Id.* at 12, ¶¶ 5, 7, 8.  Yet Rosen does not explain how he gained this "understanding," and he offers nothing to show that he has personal knowledge of the alleged facts.  *See* Fed. R. Evid. 602.  As Respondents emphasize, "[a]t no point in Petitioner's declaration does he affirmatively or conclusively assert, based on his own personal knowledge, that he ever signed or otherwise entered into an arbitration agreement with SCI."  D.E. 17 at 3, ¶ 8.

In reviewing summary-judgment affidavits and declarations, the Eleventh Circuit and other courts have held that similar statements of "belief" or "understanding" do not reflect personal knowledge and should be disregarded.  *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1305-06, 1317-18 (11th Cir. 2011) (approving of district court's refusal to consider affiant's assertions prefaced by phrase "[i]t is believed" and qualified by statement that alleged facts were true "to the best of [his] knowledge *and belief*" (alterations & emphasis in original)); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) (rejecting district court's reliance on affiant's statement that he "believe[d]" a particular fact); *Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1376-77 (9th Cir. 1978) (holding that district court properly disregarded affiant's factual assertion preceded by "I understand"), *cited with approval in Pace*, 283 F.3d at 1279.  This is true even when, as here, the affidavit or declaration includes a general statement representing that the affiant or declarant has personal knowledge of the facts therein.  *See Pace*, 283 F.3d at 1279; *Cermetek, Inc.*, 573 F.2d at 1376-77.  For the same reasons, Rosen's professed "understanding" of certain facts supporting the existence of an arbitration agreement is not "sufficient to support a finding that [he]

has personal knowledge of [that] matter." Fed. R. Evid. 602.[5]  Therefore, the assertions in Rosen's

declaration concerning the signing of an arbitration agreement should not be considered in

determining whether the parties agreed to arbitrate.[6]

## III.    Conclusion

Accordingly, as detailed herein, it is hereby **ORDERED** that Respondents' Motion to Strike

Declaration of C. Josef Rosen [D.E. 17] is **GRANTED IN PART** and **DENIED IN PART**.  The

Motion is **GRANTED** to the extent it seeks to exclude certain statements in Rosen's declaration

from consideration in determining whether the parties entered into an arbitration agreement.  To the

extent Respondents' Motion seeks to strike Rosen's declaration from the record, however, the

Motion is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 3rd day of February, 2012.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:     Hon. Robert N. Scola, Jr.
        Counsel of record

---

[5]Because Rosen has not shown any personal knowledge about whether the parties entered into an arbitration agreement, his statements about that subject are also irrelevant.  *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); *cf. Burger King Corp. v. Lumbermens Mut. Cas. Co.*, 410 F. Supp. 2d 1249, 1255 (S.D. Fla. 2005) (explaining that a summary-judgment affidavit "has no probative value . . . when it is not based on personal knowledge").  And to the extent that Rosen's "understanding" of the facts is derived from unnamed outside sources, his statements likely are inadmissible hearsay.  *See* Fed. R. Evid. 801, 802.

[6]This ruling does not preclude consideration of other statements in Rosen's declaration that appear to be based on personal knowledge—for example, Rosen's allegations that his employer did not provide him with copies of his employment documents and that he no longer has access to those documents.  *See* D.E. 8 at 12, ¶¶ 10, 11; *Lee v. Nat'l Life Assurance Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980) (explaining that a court should "disregard only the inadmissible portions of a challenged affidavit" and "consider the admissible portions").

8